# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00338-CR

**Jeffery Ryan Moore, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2014-031, HONORABLE GARY L. STEEL, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

Jeffery Ryan Moore was found guilty of the offenses of trafficking of a child and compelling the prostitution of a child. *See* Tex. Penal Code §§ 20A.02(listing elements of offense of trafficking of persons), 43.05(a) (setting out offense of compelling prostitution). On December 17, 2015, Moore's appointed counsel filed an Anders brief concluding that the appeal is frivolous and without merit and certifying that Moore was informed of his right to file a pro se brief in this case and to review the record. *See Anders v. California*, 386 U.S. 738, 744 (1967); *Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014). Moore requested access to the appellate record, and this Court granted that request on January 4, 2016. Moore's pro se brief was originally due February 4, 2016, but Moore filed a pro se motion asking for a 30-day extension of time to file his pro se brief. This Court granted the motion and ordered Moore to file his brief by March 7, 2016. Subsequently, Moore filed another pro se motion seeking an extension of time to file his brief and

asking for a 60-extension. This Court granted that request and ordered Moore to file his brief by May 9, 2016. Following that, Moore filed a third pro se motion seeking an extension of time and asking for an additional 60 days to file his pro se brief. This Court granted that request and ordered Moore to file his brief by July 9, 2016. On July 7, 2016, Moore filed a fourth pro se brief seeking an extension of time and asking this Court to extend the deadline to September 11, 2016. In his motion, Moore contends that he needs to review the pre-sentence-investigation report that was relied on during the punishment phase of the trial but was not made part of the trial court's record.

Before Moore filed his fourth motion, this Court was informed by the district court clerk that the pre-sentence-investigation report is not part of the clerk's file. Previously, this Court has explained that a defendant has the burden to ensure that a pre-sentence-investigation report is included "in the record at the punishment hearing if he want[s] this Court to review its contents on appeal." *See Lozano v. State*, No. 03-14-00107-CR, 2014 WL 3732927, at *2 (Tex. App.—Austin July 22, 2014, order) (per curiam), *disp. on merits*, 2015 WL 6460015, at *3 (Tex. App.—Austin Oct. 23, 2015, pet. ref'd) (mem. op., not designated for publication). Further, this Court explained that if a pre-sentence-investigation report is not made part of the record, this Court cannot order that the report be included in a supplemental appellate record. *See id.*

In light of the fact that the pre-sentence-investigation report was not made part of the record and, therefore, cannot be supplemented into the appellate record and in light of the fact that Moore asserted in his fourth motion that he needed an extension of time in order to review the report, this Court will grant Moore's motion but only in part. Moore is ordered to file his pro se appellate brief by August 12, 2016. Moore is cautioned that no further extensions of time will be granted.

2

It is ordered on July 12, 2016.

Before Chief Justice Rose and Justices Puryear and Pemberton

Do Not Publish